## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**DEWAYNE PRESSLEY**,

      Petitioner,

    v.

**UNITED STATES ATTORNEY GENERAL**,

      Respondent.

Civil No. 05-0048 (JRT/JGL)

**REPORT AND RECOMMENDATION**

---

### APPEARANCES

Dewayne Pressley, No. 05790-424, FMC - Rochester, P.O. Box 9600, Rochester, MN, 55903-4600, Petitioner pro se

Perry F. Sekus, Esq., Assistant U.S. Attorney, 300 South Fourth Street, Minneapolis, MN, 55415, for Respondent

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

      The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Petitioner Dewayne Pressley's Federal Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1); "Motion to Supplement (Add) to the Record - 'Relief' Sought in Civil Action No. 050296 with Two Hundred Million Dollars in Punitive and Monetary Damages" (Doc. No. 11); "Motion to Add New Respondents to the Record" (also Doc. No.

-1-

11); "Motion Seeking to Add to Relief Sought in Civil Action Seeking A Trial by Jury" (also Doc. No. 11); "Motion Seeking to Court to Appoint A Lawyer or Legal Counsel to Represent Petition(er)" (also Doc. No. 11); Motion to Subpoena (Doc. No. 12); Motion for Temporary Restraining Order (Doc. No. 13); "Motion Requesting the Order to Hospistalire Petitioner be Lift and Made Moot and An Order of Immediate Release be Handed Down by the Courts" (Doc. No. 20); and "Motion Requesting the Courts Exempt the Respondent from Using Said Portions-Relating to Petitioners Prison Conduct" (Doc. No. 21).

This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons set forth below, this Court recommends that all of Pressley's Motions and his Petition for a Writ of Habeas Corpus be denied, and the case dismissed with prejudice.

## I.    INTRODUCTION

Petitioner Dewayne Pressley is presently confined at the Federal Medical Center ("FMC") in Rochester, Minnesota. Petitioner was convicted of Attempted Bank Robbery and sentenced on November 7, 1994 by the United States District Court, Northern District of Illinois. (Christenson Decl. ¶ 3 and Attach. A.) Pressley's sentence of 120 months of incarceration and three years

of supervised release expired on February 11, 2003 and he was released

pursuant to accrued Good Conduct Time.  (Id.)  However, on April 22, 2004,

Petitioner was returned to federal custody after having violated the conditions

of his supervised release.  (Id.)  As a result, he received a sentence of eight

months for the supervised release violation, which expired on November 3,

2004.  (Id.)

Prior to the expiration of his sentence, the Government filed a

petition pursuant to 18 U.S.C. § 4246, and a § 4246(c) hearing was held on

December 3, 2004 before the Honorable Janie Mayeron.  Magistrate Judge

Mayeron issued a Report and Recommendation on January 14, 2005, adopted

by the Honorable Donovan Frank on February 7, 2005, finding that the

petition for involuntary civil commitment should be granted.  (Id. ¶¶ 4-5 and

Attachs. B and C.)  Petitioner was, thus, committed to the custody of the

United States Attorney General.

Meanwhile, on January 10, 2005, Pressley filed a federal Petition

for Writ of Habeas Corpus in the District of Minnesota.  The following day, this

Court issued an Order directing Respondent to show cause why Petitioner's

Writ should not be granted.  Respondent timely filed its show cause response

on February 10, 2005.  Petitioner Pressley also separately filed a pro se

complaint in United States District Court for the District of Columbia, denoted

Civil Number 05-0296.  The District of Columbia Complaint sought as its

primary relief Pressley's immediate release from FMC Rochester.  On February

9, 2005, the District of Columbia District Court transferred Pressley's action in

that district to this Court on grounds that habeas corpus jurisdiction lies only

in the district in which the prisoner is incarcerated, per <u>Padilla v. Rumsfeld</u>,

124 S. Ct. 2711, 2722 (2004).  (Pl.'s Notice Transfer Order Ex. 1.)

On March 4, 2005, Petitioner filed several Motions in this matter,

to which Respondent quickly filed an omnibus Memorandum.  An

accompanying Order addresses Petitioner's non-dispositive Motions, while this

Report and Recommendation discusses the underlying Petition and the

Motion for Temporary Restraining Order.

## II.   DISCUSSION

Federal prisoners seeking post-conviction relief may petition for a

writ of habeas corpus under 28 U.S.C. § 2241.  Federal courts may entertain a

habeas corpus petition only on the grounds that the prisoner "is in custody in

violation of the Constitution or laws or treaties of the United States."  18

U.S.C. § 2241(c)(3).  In the present case, Petitioner alleges that the Bureau of

Prisons ("BOP") is illegally detaining him past the release date of his federal

sentence.  Pressley also makes vague charges that he was assaulted while at

the Federal  Correctional Institution in Pekin, Illinois, where he was held

previously.  Petitioner also claims that the disciplinary process related to the

assault was not fair and impartial, that BOP staff have been deliberately

indifferent to his needs, and that BOP staff have subjected him to cruel and

unusual punishment.  Pressley seeks immediate release from custody, an

investigation into the alleged staff conduct, and millions of dollars in punitive

damages.

### A.    Non-Exhaustion of Petitioner's Claims

Prior to litigation in any federal court by means of a writ of habeas

corpus or under a non-habeas complaint, a prisoner must properly exhaust

his or her administrative remedies with the BOP.  E.g., United States v.

Wilson, 503 U.S. 329, 335-37 (1992); Johnson v. Jones, 340 F.3d 624, 627

(8th Cir. 2003); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000)

(per curium); United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991);

Leighnor v. Turner, 884 F.2d 385, 387-88 (8th Cir. 1989); 42 U.S.C. §

1997e(a). To that end, the BOP has a three-part administrative remedy

program designed to address a federal inmate's concerns regarding any aspect

of his or her confinement.  See 28 C.F.R. §§ 542.10-542.19; (Christenson

Decl. ¶¶ 6-7.)

The record in the present case reveals that Petitioner Pressley has

failed to exhaust his administrative remedies with respect to the issue of his

alleged illegal detention raised in his Petition to this Court.  (Christenson Decl. ¶¶ 2, 8 and Attach. C.)  Petitioner does not explain his failure to exhaust administrative remedies.

The Court finds that Petitioner's failure is not excused.  However, particularly where, as here, the underlying claims are meritless, a court is at liberty to decide a petition on the merits if the interests of comity and federalism are better served by doing so.  See Padavich v. Thalacker, 162 F.3d 521, 522 (8th Cir. 1998) (quoting Thompson v. Mo. Bd. of Parole, 929 F.2d 396, 398 (8th Cir. 1991)).  The Court will exercise its prerogative and reach the merits of Pressley's Petition.

### B.   Whether Petitioner is Properly Held Under § 4246

Petitioner's main contention is that the Government is impermissibly detaining him past the expiration of his criminal sentence. Indeed, all of his allegations relate to his contentions that he is incorrectly held as a civil committee, and, relatedly, that the factual findings by Judges Mayeron and Frank are incorrect.

The Court agrees with the Government that the record establishes that Pressley is held lawfully, pursuant to Judge Frank's Order of February 7, 2005 committing Pressley to the custody of the Attorney General under 18 U.S.C. § 4246.  The statute states in relevant part:

If, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General.  The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, <u>the Attorney General shall hospitalize the person for treatment in a suitable facility</u>, until--

> (1) such a State will assume such responsibility; or
> (2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another;

whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment.

18 U.S.C. § 4246(d) (emphasis added).  Hence, courts have found that § 4246 provides for the legal, indefinite hospitalization of a person who is due for release, but who, as a result of mental illness, poses a significant danger to the general public.  <u>United States v. S.A.</u>, 129 F.3d 995, 998 (8th Cir. 1997) (citations omitted); <u>United States v. Chairse</u>, 18 F. Supp. 2d 1021, 1024 (D. Minn. 1998) (citations omitted).  The § 4246 commitment procedure "applies

only in those unique situations where suitable arrangements for state care and custody are unavailable." <u>S.A.</u>, 129 F.3d at 1000.  Finally, the provisions of § 4246 "have withstood various constitutional attacks." <u>Chairse</u>, 18 F. Supp. 2d at 1024 (citations omitted).

The Court finds that, pursuant to § 4642, Judge Frank's Order of February 7, and the above authority, Petitioner is lawfully committed to the custody and care of the Attorney General.  Hence, his request for immediate release from custody should be denied, and his Petition dismissed with prejudice.

## C.   <u>Whether Claims Should be Raised in § 2241 Petition</u>

Furthermore, the Court recommends that Pressley's underlying claims are not appropriately brought in a § 2241 Petition.  The Petition may well be construed as an attempted appeal from Judge Frank's Order of February 7, 2005 finding clear and convincing evidence that Pressley presently suffers from a mental disease or defect creating a substantial risk of bodily injury to another person or serious damage to property of another.  The proper procedure for Pressley to challenge the findings in the commitment Order would be to appeal the Order to the Eighth Circuit Court of Appeals.

Additionally, the civil commitment statutory scheme includes various avenues of periodic, direct review and reporting that are available to an

CASE 0:05-cv-00048-JRT-JGL   Document 22   Filed 05/02/05   Page 9 of 11


inmate outside the habeas process.  See, e.g., 18 § 4246(g); 18 U.S.C. § 4247(e); 18 U.S.C. § 4247(h).  The Court recommends that Pressley's underlying claims, even if they had merit, would not be appropriately reviewed pursuant to a habeas petition.

### D.   Motion for Temporary Restraining Order

Petitioner Pressley has also filed a Motion for Temporary Restraining Order ("TRO").  Respondent does not address this Motion. However, the Court finds that Pressley's request for a TRO raises issues that are largely duplicative of his underlying Petition.  Insofar as Pressley's request for a TRO echoes his Petition, it should be denied in light of this Court's recommendation for dismissal.

Petitioner also requests, without further explanation, that a TRO be issued to prevent his forced medication.  (Mot. for TRO at 3.)  There is no indication in the record, other than Petitioner's vague and unsupported allegation, that he has been forcibly medicated.  Indeed, the Order of Commitment in this case dealt only with the indefinite confinement of Petitioner, and not with any medication issues.

This Court does not have adequate information before it to render an opinion regarding Petitioner's alleged forced medication.  As such, the Court cannot recommend that Petitioner has met his burden to show that a

TRO should issue.  See Glenwood Bridge, Inc. v. City of Minneapolis, 940 F.2d

367, 371 (8th Cir. 1991); Sybaritic, Inc. v. Neoqi, Ltd., Civ. No. 03-6073

(JRT/FLN), 2004 U.S. Dist. LEXIS 24718 (D. Minn. Nov. 9, 2004) (denying

TRO where moving party had not met its threshold burden to show evidence of

threat of irreparable injury).  Accordingly, this aspect of Petitioner's Motion

should also be denied.

Based upon the foregoing, and upon all the files, records, and

proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1)     Petitioner Pressley's Petition pursuant to 28 U.S.C. § 2241

for Federal Writ of Habeas Corpus (Doc. No. 1) should be **DISMISSED WITH**

**PREJUDICE**;

(2)     Petitioner Pressley's Motion for Temporary Restraining

Order (Doc. No. 13) should be **DENIED**; and

(3)     Petitioner Pressley's "Motion Requesting the Order to

Hospistalire Petitioner be Lift and Made Moot and An Order of Immediate

Release be Handed Down by the Courts" (Doc. No. 20) should be **STRUCK** as

duplicative of the underlying Petition.


Dated: May 2, 2005

         s/ Jonathan Lebedoff            
        JONATHAN LEBEDOFF
        Chief United States Magistrate Judge


Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and
Recommendation by filing with the Clerk of Court and serving on all parties
by May 19, 2005, written objections which specifically identify the portions of
the proposed findings or recommendations to which objection is being made,
and a brief in support thereof.  A party may respond to the objecting party*s
brief within ten days after service thereof.  All briefs filed under this rule shall
be limited to ten pages.  A judge shall make a de novo determination of those
portions to which objection is made.  This Report and Recommendation does
not constitute an order or judgment of the District Court, and it is therefore
not appealable to the Circuit Court of Appeals.